IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH RICHARD, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:23-cv-00408 |
| v. ) | |
| ) | Honorable John F. Kness |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO REMAND

NOW COMES, Plaintiff, Joseph Richard, by and through his attorney, GEORGE BRUGESS, and for his Motion to Remand, states as follows:

### INTRODUCTION

On December 13, 2020 Plaintiff Joseph Richard was seriously injured while working at Defendant, BNSF Railway Company's ("BNSF") rail yard while loading/unloading railcars. He subsequently sued the BNSF under the Federal Employers' Liability Act (FELA) 45 U.S.C. § 51 *et seq.* (as well as, in the alternative, common law negligence). Under 28 U.S.C. § 1445(a) removal of a FELA action is prohibited.

Although the railroad claims fraudulent joinder, there is an unbroken line of precedent holding that the question of whether a worker loading and unloading railcars is covered by the FELA is a jury question. Because Richard has a valid FELA case, and FELA cases cannot be removed, this matter must be remanded.

## STANDARD OF REVIEW

In order to sustain a claim of fraudulent joinder, the railroad must show there is *no possibility* that plaintiff could establish a claim against the defendant. *Faucett v. Ingersoll-Rand Min. & Machinery Co.,* 960 F.2d 653 (7th Cir. 1992). Fraudulent joinder is difficult for a defendant to prove; a defendant must prove that after resolving all issue of fact and law in favor of plaintiff, a cause of action cannot be established. That is, the court must find there is no reasonable possibility that plaintiff can prevail. A defendant faces a "heavy burden" to demonstrate fraudulent joinder, and it is suggested the burden is even more favorable to plaintiff than that on a motion to dismiss. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752 (7th Cir. 2009).

## THE *KELLEY* CASE

In *Kelley v. So. Pac. Co.,* 419 U.S. 318 (1974), the court held a worker of a subcontractor of the railroad, injured unloading automobiles from a train car, could successfully recover from the railroad under the FELA, if he could show that he was a borrowed servant of the railroad; or, deemed to be acting for two masters simultaneously; or, if he could show he was a subservant of a company that was a servant of the railroad.

The Supreme Court remanded the case to the district court to analyze whether under the holding announced in the opinion, plaintiff could succeed in his FELA claim. He did.

2

Justice Blackmun, in *Herbert v. So. Pac. Trans. Co.,* 429 U.S. 904 (1976), explained what happened in *Kelley* after remand:

> The interesting and significant fact is that upon the remand to the District Court claimant Kelley prevailed under the subservant theory approved by this Court. The trial court found that the unloading operation "was the responsibility" of the railroad; that the carrier "supplied the necessary ramps and working area"; that its employees were required to check safety aspects daily and "to make all necessary repairs"; that the railroad "had the right to control the physical conduct of the (trucking company's) employees"; that the trucking company "was acting as the servant" of the carrier "when performing the unloading operations"; and that Kelley "was in fact a subservant of a servant" of the carrier when he was injured. The trial court then concluded that Kelley was covered by the FELA See File No. C-45344 AJZ (ND Cal.), Order entered September 3, 1975.

It is not disputed here that Richard was loading/unloading a train car, and was on a ladder on the train car when the ladder broke, he fell and was injured. The same or similar fact pattern as in *Kelley* is present here, therefore *Kelley* militates in finding it is *possible* that Richard could succeed in his FELA case. Like *Kelley,* there are sufficient facts here to prove Richard was a subservant of a servant of the railroad. Therefore, this matter must be remanded.

The court in *Smith v. Norfolk So. Ry. Co.,* No. 09-CV-2051, 2009 WL 960684 (C.D. Ill. April 8, 2009), relied on *Kelley* to remand a FELA case after removal by the railroad. The court found an employee of a subcontractor performing work on rail cars did not fraudulently file his FELA case. *Dixon v. CSX Transp., Inc.,* No. 13-CV-2948, 2014 WL 11955395 (N.D. Ga. April 8, 2014), same; *Schmidt v. BNSF,* 605 F.3d 686 (9th Cir. 2010) (question of fact whether worker was employer of railroad, summary judgment for railroad reversed).

## CASES CITED BY BNSF

BNSF cites a lot of cases, but few are on point. And those on point hold there is a possibility that a worker loading and unloading rail cars is covered by the FELA and remand. The railroad seems to believe if it just piles on cases, most of which are inapplicable, the sheer weight may advance its claim-they don't. It is worthwhile here to discuss some of the many cases by the railroad.

The first case cited by the railroad, *Cullivan v. Kansan City Southern Ry Co.*, No. 09-cv-685, 2010 WL 378433 (S.D. Ill., January 27, 2010), is inapposite. The court refused to remand because plaintiff failed to contest the railroad's affidavit. Here, Richard has attached his affidavit, as well as other evidence, with pertinent facts. For this reason, *Cullivan* is miscited.

The next case cited by the railroad is *Hammond v. Terminal Railroad Assoc. of St. Louis,* 848 F.2d 95 (7th Cir. 1988). The *Hammond* case was a labor dispute. Hammond was disciplined by the railroad pursuant to the collective bargaining agreement. Hammond had no accident and no injury. Rather Hammond claimed that the unjust discipline assessed by the railroad caused emotional distress and therefore the railroad violated the FELA.

The Rail Labor Act (RLA) is one of the most preclusive statutes in federal law. *Union Pacific RR Co. v. Sheehan*, 439 U.S. 89 (1979) (scope of judicial review is among the narrowest known to law.) In *Hammond,* the Seventh Circuit considered the tension between the FELA and RLA and under the facts in that case held that the RLA prevailed.

The facts here are nothing like *Hammond*. Richard has injuries as a result of his work for the railroad, and the negligence of the railroad. Hammond had an emotional injury because of his discipline. Richard's claim is a valid FELA claim for injuries; Hammond's wasn't.

Hammond's case would fail under the FELA in any event since after *Gottschall v. Consolidated Rail,* 512 U.S. 532 (1994), emotional injuries are not actionable under the FELA unless the employee is in a zone of danger of bodily injury that results in the emotional injury.

In an on-point case cited by Defendant, the court remanded the FELA case. *Bunnell v. Union Pacific R. Co.,* No. 07-cv-0686, 2007 WL 4531513 (S.D. Ill. Dec. 19, 2007). The railroad's reliance on *Bunnell* in this regard is perplexing. The *Bunnell* court distinguished the holding in *Hammond* and ordered remand. The Plaintiff in *Bunnell* was not attempting to circumvent the RLA and did not have a purely emotional injury. Therefore, the case was properly remanded.

The same is true here and *Bunnell* strongly supports remand. Richard is not trying to convert a RLA labor claim to a FELA claim and his injuries are physical, not merely emotional.

*Faarup v. W.W. Transport, Inc.*, No. 15-cv-114, 2015 WL 4465070 (S.D. Ill. July 21, 2015), involved the removal of a purported state worker's compensation action. (Worker compensation cases are not removable). The court held plaintiff's pleading fraudulent for reasons that have no bearing here. Plaintiff's pleading in this case cannot be fraudulent because in *Kelley v. So. Pac. Co.*, 419 U.S. 318 (1974), the

Supreme Court recognized a FELA case can be brought by a non-railroad employee who is a borrowed servant of the railroad at the time of his injury, acting for two masters simultaneously, or a subservant of a company that was a servant of the railroad. Many cases, relying on *Kelley*, have found a non-railroad employee can pursue a FELA case if injured while performing railroad work.

In *Dagon v. BNSF*, No. 19-CV-417, 2020 WL 4192348 (S.D. Ill. July 21, 2020), the court found, "BNSF provided no equipment or training; and the railcars were loaded and unloaded…at U.S. Steel facilities. There were no BNSF employees-supervisors or otherwise-present at U.S. Steel facilities." The facts show the opposite here; BNSF provided equipment, training material, the cars were being unloaded at the BNSF rail yard with BNSF equipment and there are many BNSF employees at the rail yard. To this extent, *Dagon* supports finding a valid FELA claim here. (As the railroad knows, *Dagon* is on appeal in the Seventh Circuit under case number 22-3085).

*Schuster v. Owners Ins. Co.*, No. 21-cv-338, 2021 WL 3129303 (S.D. Ill. July 23, 2021), involved an insured suing his insurance company and has no bearing on this FELA case.

*Feichko v. Denver & Rio Grande Western R. Co.*, 213 F.3d 586 (10th Cir 2000), is not relevant to any issue here-- the court did not consider the merits of removal as plaintiff "did not renew his challenge to removal on appeal." 213 F.3d 590.

The railroad's reliance on *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323 (7th Cir. 1993), is a surprise. In *Gottlieb*, the defendants removed a case on the basis of

6

fraudulent joinder and Judge Holderman remanded, finding proper joinder. Plaintiff moved for Rule 11 sanctions against the defense. Judge Holderman denied sanctions, but said it was a close call. Plaintiff appealed the denial of sanctions for improper removal and the Seventh Circuit affirmed.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002), involved a claim of fraudulent joinder of a nominal state court defendant to defeat diversity jurisdiction. The court said, "The removing party carries a heavy burden when attempting to prove fraudulent joinder. The removing party must prove there is absolutely no possibility that the plaintiff will be able to establish a cause of action…" 313 F.3d 313. In the FELA context, relying on the *Kelley* case, it would seem there always would be a *possibility* a jury could find an injured plaintiff was a railroad employee under one of the three ways set forth there. Especially in a fact pattern like here, where Richard was actively loading and unloading railcars, actually climbing on a rail car, doing railroad work, and the rail car's ladder broke causing him to fall. The language from *Great Plains Trust Co.* bears repeating: the removing party must prove there is *absolutely no possibility* plaintiff can establish a cause of action. Under the facts here, by contrast, it seems likely Richard will succeed in his FELA case.

*Poulos v Nass Foods, Inc.*, 959 F.2d 499 (7th Cir.1992), is another diversity case, not applicable here.

*Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013), another diversity case examining the 'forum defendant rule', 28 U.S.C. §141(b)(2). The court found there was a possibility of success and ordered the case remanded.

7

*Burchett v. Cargill, Inc.*, 48 F.3d 173 (5th Cir. 1995), involved removal of a purported Jones Act case. (FELA and Jones Act share jurisprudence). The court, while agreeing a removing defendant has a heavy burden, found the "vessel" plaintiff was injured on had no engine, thrusters or any mode of locomotion, was not registered as a vessel and was not inspected by the Coast Guard. Therefore, it was impossible for plaintiff to plead a Jones Act case, which only applies to injuries on vessels. The railroad here has not, and cannot claim the train Richard was injured on was not a train in interstate commerce under the FELA.

*Gowdy v. Norfolk Southern Ry. Co.*, No. 07-cv-0365, 2007 WL 1958592 (S.D. Ill. July 2, 2007), is an all but identical case to the case at bar. Gowdy worked for a subcontractor to the railroad and was hurt "loading and unloading railcars." The court found it was possible a jury could find Gowdy was a borrowed servant of the railroad and remanded the case: "…in addition to control, other elements key to determining the existence of a master-servant relationship include whose work is being performed, who had the right to discharge the employee, who furnished the tools and the place for the work…" Here, Richard was doing railroad work (climbing a rail car ladder after securing a container), the railroad retained the right to terminate the contract with PRS (and to terminate plaintiff) for any reason, the railroad furnished the tools and the place for the work. There are sufficient facts here to find Richard was a borrowed servant. Under *Gowdy*, there is no basis for removal.

*Taylor v Norfolk Southern Ry. Co.*, No. 16 C 5551, 2016 WL 6217106 (N.D. Ill. October 25, 2016), is discussed below.

8

*Veugeler v General Motors Corp*, No. 96 C 7278, 1997 WL 160749 (N.D. Ill. April 2, 1997), is another diversity case where plaintiff had no possibility of recovery against the non-diverse defendant; plaintiff conceded as much in his filings.

*Larson v CSX Transp., Inc.*, 359 Ill. App.3d 830 (2005), is a state summary judgment case and did not consider any issue having to do with remand. Larson was a refrigerated car repairman, and the court found, not an employee of the railroad under *Kelley*. The court distinguished Larson's situation from three cases in its opinion, *Lindsey v Louisville & Nashville R.R. Co.*, 775 F.2d 1322 (5ht Cir. 1985), *Buccieri v. Ill. Central Gulf R.R.,* 235 Ill. App.3d 191 (1992) and *Kottmeyer v Consolidated Rail Corp.*, 98 Ill. App.3d 365 (1981). All three cases held evidence of railroad employment was sufficient to go to the jury. Importantly, in both *Lindsey* and *Kottmeyer*, plaintiffs were engaged in loading and unloading railcars, the same as plaintiff here. And those courts held a jury question was present.

*Baker v Texas and Pacific Ry. Co.*, 359 U.S. 227 (1959), held there were issues of fact for the jury regarding plaintiff's railroad employment and remanded for trial. The court said, "…we think it perfectly plain that the question [of employment], like that of fault or of causation under the Act [FELA], contains factual elements such as to make it one for the jury under appropriate instructions as to the various factors under law." If there is one cardinal FELA rule, only when there is a *complete absence* of evidence can a case be taken away from the jury. *Crompton v. BNSF Ry. Co.,* 745 F.3d 292, 295-296 (7th Cir. 2014). And *Baker* holds this rule applies to question over employment, also.

9

*Ancelet v. National R.R. Passenger Corp.*, 913 F.Supp.968 (E.D. La. 1995), held a pest control technician was not a railroad employee at summary judgment. The holding in *Ancelet* was later discussed in *Moody v. Callon Petroleum Operating Co.*, No. 98-1139, 1999 WL 596268 (E.D. La. August 3, 1999), where the court said, "No single factor is controlling, although the Fifth Circuit recognized in *Brown* that the first element, control, has often been the primary focus. See 984 F.2d at 676. The court noted, however, that "in *Gaudet v. Exxon Corp.,* (562 F.2d 351) this court deemphasized the control factor and stressed the importance of the fourth, fifth, sixth, and seventh factors." The fourth factor is 'did the employee acquiesce in the new work situation'; the fifth factor is 'did the original employer terminate his relationship with the employee'; the sixth factor is 'who furnished the tools and place for performance'; the seventh factor is 'was the new employment over a considerable length of time'. The answer to the fourth, sixth and seventh factor here favor Richard and not the BNSF.

*Dominics v. Illinois Central R. Co.*, 934 F. Supp. 223 (S.D. Miss. 1996), was another summary judgment case, this time involving a rail grinder. The railroad denied control and produced an affidavit that it had no knowledge about grinding, so it could not control the grinder. The court said, "The law does not require that the railroad have full supervisory control. It requires only that the railroad, through its employees, plays a significant supervisory role as to the work of the injured employee." 934 F. Supp. 226. In this case, there is evidence that the BNSF played a significant role in controlling Richard's work.

Finally, the railroad cites to *Campbell v. BNSF*, 600 F.3d 667 (6th Cir. 2010). The fact pattern is *Campbell* is significantly different than that here. Specifically, Campbell was a truck driver involved in a motor vehicle accident when he was hurt. His work had nothing to do with rail operations. Campbell was not on a railcar and was not loading or unloading a rail car. The vehicle (tool) being operated by Campbell was owned by PRS and not the railroad.

The railroad tries to blur the lines between the railroad operations performed by PRS and its trucking operations. Intermodal yards involve both railroading and trucking; containers are loaded and unloaded from railcars and put on trucks for highway movement. Subcontractor employees involved in the railroad side of the operation when loading or unloading railcars are generally considered railroad employees under *Kelley*. Subcontractor employees engaged in the trucking side are not. Because Campbell was a truck driver hurt in a motor vehicle accident, the court correctly found, at summary judgment, he was not covered by the FELA. Campbell's work at the time of his injury had nothing to do with railroad operations. By contrast, Richard was on a railcar when hurt, engaged in loading and unloading the railcar, he was actually on a railcar when the railcar's ladder broke and he fell. The cases cited make clear that a subcontractor loading and unloading railcars can *possibly* be covered by the FELA.

## THE FELA

In 1908, Congress passed the FELA in response to the amazing number of railroad employees killed and maimed working on the railroad, in what was clearly a

11

national scandal. *CSX v. Miller*, 858 A.2d 1025, 1030, 1031 (2004), citing *Wilkerson v. McCarthy,* 336 U.S. 53, 68, 69 (1949). It has long been a strong national policy that workers injured while performing railroad work should have the benefit of the FELA. So, Congress saw to including a provision in the FELA that prevented railroads from shirking responsibility under the FELA for workers' injuries by artificial devices, such as subcontracting railroad work. 45 U.S.C. 55. The Supreme Court in *Kelly v. So. Pac. Co.*, 419 U.S. 318 (1974) held questions of fact regarding the relationship between the injured worker and the railroad precluded summary judgment. Same, *Baker v. Texas & P.R.Co.,* 359 U.S. 227 (1959). This is especially true in a FELA case where trial by jury is an essential right under the statute. *Harbin v. BNSF*, 921 F.2d 129 (7th Cir. 1990).

## FACT ISSUES

Defendant attaches the affidavit of Benjamin Thomas to its motion. It would be an understatement to say that the determination whether Richard is a borrowed servant, a joint employee, or a subservant to a servant of the railroad is a fact intensive inquiry. Removal/remand is not the appropriate method to decide the fact intensive question whether Richard is an employee under the FELA. *Tucker v. CSX,* No. 06-485, 2007 WL 293862, (E.D. Ky. January 26, 2007).

Defendant's removal seems to be strategic by the railroad in an attempt to engage in a FELA summary judgment battle without the benefit of any discovery. Before crossing swords over whether Richard's claim meets the standards set forth in *Kelly* for FELA protection, there is an enormous amount of written and deposition

discovery that must be completed. Clearly it would be an injustice to an individual seriously injured at a BNSF rail yard, performing rail-related work, to summarily dismiss his FELA case without permitting any investigation, and based solely on Defendant's self-serving, conclusory affidavit. Plaintiff has the right to a thorough investigation of BNSF's FELA responsibility and a removal-remand proceeding is not the proper procedural tool for that determination. After all, the question of whether a worker is a loaned servant is a fact intensive question. *Gowdy v NS Ry. Co.,* No. 07-cv-0365, 2007 WL 1958592 (S.D. Ill. 2007), citing *Williams v. Shell Oil Co.,* 18 F.3d 396 (7th Cir. 1994) and *Kottmeyer v. Consolidated Rail Corp.,* 424 N.E.2d 345 (Ill. App. 1981). In other cases, employees like plaintiff have survived challenges to their FELA claims, including an ITS (similar to PRS) employee in *Luman v. ITS Technologies & Logistics,* 323 S.W.3d 821 (Mo. Court of Appeals 2010).

The issue of whether plaintiff is a railroad employee for FELA purposes is not, and cannot be before this court for a final determination on a removal/remand proceeding. In any event, since Richard has a cognizable FELA claim on file, a court cannot, in finality, address defendant's argument that he was not an employee. Because FELA claims are not removable, District Courts are without authority to otherwise address the merits of a railroad's contention that plaintiff is not an employee. *Tucker v. CSX Transp., Inc.,* No. 06-485, 2007 WL 293862 (E.D. Ky. January 26, 2007).

13

That said, the factual record in this case is more than adequate to find a *possibility* that plaintiff can prevail on his FELA claim, especially when looked at in a light most favorable to plaintiff.

## *STAGGERS* AND *TAYLOR*

In two recent cases decided by this court, under a similar fact pattern as here, the district court remanded both cases to state court.

In *Staggers v. Norfolk Southern Ry. Co.,* No. 21 C 480, 2021 WL 4988042 (N.D. Ill. June 1, 2021), the court held that there was a "chance of success" on plaintiff's FELA case so removal was improper under 28 U.S.C. §1445(a).

Plaintiff was employed by a subcontractor of the railroad and assigned to load and unload rail cars. He fell from the side ladder of the crane, was run over and crushed resulting in catastrophic injuries including amputation of his leg. He filed suit in state court, the railroad removed the case and Judge Ellis ordered the case remanded.

Like Richard, Staggers worked loading and unloading intermodal trains. After analyzing the factual basis, the court said, "Because the record before the Court creates a question as to whether Norfolk Southern qualifies as Staggers' employer for FELA purposes, the Court cannot conclude that Staggers has no chance of success on that claim."

In *Taylor v. Norfolk Southern Ry. Co.,* No. 16 C 5551, 2017 WL 432893 (N.D. Ill. February 1, 2017), plaintiff's job duties as an employee of the subcontractor of Norfolk Southern primarily concerned rail operations as he was supervisor of the rail

14

car loading and unloading operations. Judge Gottschall said, "In *Williams* [18 F.3d 396 (7th Cir. 1994)], the Seventh Circuit held a jury should decide the question of employment in materially similar circumstances." The case was remanded to state court.

## CONCLUSION

Richard was seriously hurt while at work at the BNSF railyard, performing railroad related work, and due to the negligence of the BNSF. Like the plaintiffs in the cases cited herein, there is a triable question of fact whether under the specific circumstances surrounding Richard's employment and injury, he is covered by the FELA for his injury. FELA cases cannot be removed, except in a very limited fact pattern in which a railroad employee attempts to obviously convert a lost RLA claim into a FELA claim. That is not the case here, there was no RLA claim, only a serious bodily injury claim. Therefore, this case must be remanded to the state court.


By: */s/ George Brugess*
Attorney for Plaintiff

George Brugess
**COGAN & POWER, P.C.**
1 East Wacker Drive, Suite 510
Chicago, IL 60601
T: (312) 477-2500 │ F: (312) 477-2501
gbrugess@coganpower.com

15

## CERTIFICATE OF SERVICE

I certify that on this 13th day of February, 2023, the foregoing was electronically filed with the U.S. District Court Clerk, Northern District of Illinois, by using the CM/ECF system, which will send notice to all participants.

*/s/ George Brugess*

George Brugess
Cogan Power
1 E. Upper Wacker Drive, Suite 510
Chicago, IL 60601
Phone: (312) 477 2500
Email:  GBrugess@coganpower.com